## VICKSBURG AND MERIDIAN RAILROAD COMPANY *v.* THE STATE.

RAILROAD COMPANY. *Indictment for obstructing highway. Section 2871, Code of 1880, construed.*

A railroad company is not liable to indictment for failing to repair a bridge across its track on a public highway, under § 2871, Code of 1880, which provides that if any person shall obstruct a highway "in any manner whatever, and shall not remove the same immediately, it shall be deemed a nuisance, and on conviction thereof, the offender, in addition to the penalty recoverable by law, shall be fined not more than fifty dollars, and be imprisoned not more than one week." This provision applies where obstruction is caused by a positive use of physical means. An omission to repair a bridge on a highway is covered by § 1053 of the code.

APPEAL from the Circuit Court of Newton County.
HON. A. G. MAYERS, Judge.

At the July term, 1885, of the Circuit Court of Newton County, the grand jury presented the following indictment :

"That the Vicksburg and Meridian Railroad Company, an incorporation under the laws of the State of Mississippi, on the first day of July, 1885, in Newton County, aforesaid, did unlawfully obstruct a public highway, to wit : A public street and road in the town of Hickory, leading from Hickory in the direction of the town of Enterprise, in Clarke County, where said street and road crosses the said road track of said company, and did not then and there immediately remove said obstruction, the obstruction aforesaid being caused by the said company suffering a bridge at the said crossing to be and remain out of repair, against the peace and dignity of the State of Mississippi."

The defendant company demurred to this indictment because " it is without warrant or authority of law." The court overruled the demurrer, and judgment final was entered up, a fine of fifty dollars being imposed on the defendant. The defendant appealed:

*W. L. Nugent*, for the appellant.

1. Section 1053 of the Code of 1880 makes it the duty of a railroad company to keep in order all bridges on any highway at such points as *bridges* may be necessary to *cross such railroad;* and, if it fail in this respect, provides for a penalty of one hundred dollars ($100), to be recovered by action, which may be brought *by any person authorized or employed by the president of the board of supervisors of the county in which the failure occurs,* " in the name and for the use of the county." There is nothing in the law to justify a criminal prosecution in such case.

2. Section 2871 of the code declares that if any person shall obstruct a highway in any manner whatever, and shall not immediately remove the same, it shall be deemed a nuisance and on conviction thereof the offender, in addition to the penalty recoverable by law, shall be fined not more than fifty dollars ($50), *and* be imprisoned not more than one week. It appears that the indictment was framed under this section ; but it is manifest that it contemplates a case in which there is a physical obstruction, capable of removal, placed in the highway by the offender himself, and does

not apply to a railroad company that has failed in its duty under § 1053 of the code. This is clearly evidenced by the penalty prescribed, as the court could hardly imprison a railway.

*T. M. Miller*, Attorney General, for the State.

1. A railroad company is as much subject to indictment for such a misdemeanor, as is described in the indictment, as a private or particular individual. The word "person" applies to a corporation as well as to a natural person. Towns, parishes, railroad, and transportation companies are indictable for nuisance in not repairing the highways and bridges which their duty requires them to repair. So this indictment would be good at common law. 1 Bish. on Cr. Law, § 419. It is not material that only a fine may be inflicted.

2. It is a mistake of the counsel to say that § 1053 of the code imposing a penalty, in case of the failure to repair, is the only provision meant to apply to the case presented. Section 2871 expressly provides that the fine shall be in addition to the penalty imposed otherwise.

Section 2871 provides a punishment for the act of obstructing a public highway, in any manner whatever, declaring the offense a nuisance. It is insisted that that means the placing of some physical obstruction which may be removed bodily.

The plain meaning of the language covers any act which results in impeding the passage of the public over the highway.

ARNOLD, J., delivered the opinion of the court.

The indictment is manifestly based on § 2871 of the code, and the alleged obstruction to the public highway consisted in the railroad company suffering a bridge across its track to be and remain out of repair.

Section 2871 of the code contemplates obstructions caused by physical means or positive action, and it does not embrace or apply to the case of a mere omission to repair a bridge on a public highway. This conclusion is deducible from the terms of the section, and it is confirmed by the consideration, that the code elsewhere provides a specific remedy for the delinquency sought to be reached

by the indictment. Section 1053 of the code furnishes the statutory remedy for the failure of a railroad company to keep in order bridges on the highway across its track. The demurrer to the indictment should have been sustained.

*The judgment is reversed, the indictment quashed, and the cause dismissed.*